```
 1                  UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
 2

 3

 4   United States of America,    )
                    Plaintiff,    )
 5                                )
                                  )
 6   vs.                          )    Case No. 22-cr-10080-JCB
                                  )
 7                                )
     Dana Lamb,                   )
 8               Defendant.       )

 9

10   BEFORE:   The Honorable Magistrate Judge Jennifer C. Boal

11

12                            Disposition

13

14

15                                    United States District Court
                                      1 Courthouse Way
16                                    Boston, Massachusetts
                                      June 30, 2022
17

18

19

20

21

22
                        Marianne Kusa-Ryll, RDR, CRR
23                         Official Court Reporter
                        United States District Court
24                       595 Main Street, Room 514A
                         Worcester, MA 01608-2093
25                    508-929-3399 justicehill@aol.com
                    Mechanical Steno - Transcript by Computer
```

```
 1    APPEARANCES:

 2    United States Attorney's Office
      Eugenia M. Carris, Assistant United States Attorney
 3    John Joseph Moakley United States Courthouse
      1 Courthouse Way, Suite 9200
 4    Boston, Massachusetts 02210
      on behalf of the Government
 5
      Anderson & Goldman
 6    Peter D. Pasciucco, Esquire
      50 Redfield Street, Suite 201
 7    Dorchester, Massachusetts 02122
      on behalf of the Defendant
 8
      Also present: Probation Officer Luciana Sousa
 9

10

11

12

13

14              Proceedings recorded by sound recording
              and produced by computer-aided stenography
15

16

17

18

19

20

21

22

23

24

25
```

1            P R O C E E D I N G S
2            (Recording begins at 2:37:28 p.m.)
3            THE CLERK:  We are on the record in the matter of
4    United States v. Dana Lamb.  The case number is 22-cr-10080.
5            Will counsel please identify themselves for record.
6            MS. CARRIS:  Good afternoon, your Honor.  Eugenia
7    Carris for the United States.
8            MR. PASCIUCCO:  Good afternoon, your Honor.  Attorney
9    Peter Pasciucco for Dana Lamb.
10           THE COURT:  All right.  Good afternoon, everyone.
11           So let me first go over what I have for -- in terms of
12   the record for sentencing.  So I have the plea agreement.  I
13   have a presentence report.  I have Ms. Carris's sentencing memo
14   and motion to reduce the sentence, and I have a sentencing
15   recommendation from Probation.
16           Is there anything else in terms of the record?
17           MS. CARRIS:  No, your Honor.
18           THE COURT:  And Mr. Pasciucco?
19           MR. PASCIUCCO:  No, your Honor.
20           THE COURT:  All right.  So, Ms. Carris, I know I'm
21   supposed to ask if the victims have been notified.  Here it's
22   the IRS, so I assume they have been, but there will be no one
23   here?
24           MS. CARRIS:  The IRS has been notified, your Honor,
25   and are on board with the proposed resolution hearing.

1        THE COURT: Thank you.
2        And, Mr. Pasciucco, have you and Mr. Lamb read the
3    presentence report?
4        MR. PASCIUCCO: Yes, we went over it this afternoon
5    prior to the hearing.
6        THE COURT: All right. And I'm just going to state
7    for the record that there is no information excluded from the
8    presentence report pursuant to Rule 32(d)(3) on which I will
9    rely in terms of sentencing.
10       So, Ms. Carris, I understand the government has no
11   objections to Probation's calculation with respect to the
12   sentencing documents?
13       MS. CARRIS: Correct.
14       THE COURT: And, Mr. Pasciucco, I understand that you
15   have no objections as well; is that correct?
16       MR. PASCIUCCO: Your Honor, I -- I have no objections.
17   And I apologize if I missed it, but was there a fine calculated
18   yet by Probation?
19       THE COURT: I don't believe Probation calculated it.
20       MS. CARRIS: There is just, your Honor, historically,
21   I mean, just a 500 to $9,500 fine range that the Court can
22   sentence within the guidelines here.
23       MR. PASCIUCCO: We'd just ask it be on the lower end
24   of that, closer to 500 based on the restitution he's paying.
25       THE COURT: Okay. All right. Thank you.

1  So I accept the offense ranges agreed to by the
2  parties in the plea agreement, which I find to be supported by
3  the record; and in particular, in accordance with U.S.
4  Sentencing Guidelines Section 2T1.1, the defendant base offense
5  level is 6; and in accordance with U.S. Sentencing Guideline
6  Section 3E1.1A, the offense level is decreased by two points
7  based on the defendant's acceptance of responsibility for the
8  offense meaning that the total offense level is therefore four.
9  I do find that the statutory maximum is not more than
10 one year of incarceration, not more than one year of supervised
11 release, not more than five years of probation, and a fine of
12 up to $10,000.
13 The guideline range then is zero to six months
14 incarceration.  If supervised release is ordered, one year of
15 supervised release, not more than three years of probation,
16 restitution, a fine in the range of $500 up to $10,000, and a
17 special assessment of $25.
18 And I will just note, I think there was an error in
19 the --
20 MS. CARRIS:  There was, your Honor.
21 THE COURT:  -- plea agreement that said $50, but it
22 should be a $25 assessment.
23 MS. CARRIS:  That's correct, your Honor.
24 THE COURT:  So, Ms. Carris, I know that you have filed
25 a motion to reduce the sentence.

1          Do you wish to speak to that?

2          MS. CARRIS: Yes, your Honor. The parties had

3    previously agreed to recommend to your Honor a year of

4    probation, a fine within the guideline range, incorrectly a

5    mandatory special assessment of $50, which we agree upon review

6    is $25, and, of course, the restitution of $1,800 to the IRS.

7          Your Honor, as set forth briefly in the motion for

8    substantial assistance reduction under 5K1.1, Mr. Lamb has

9    provided information to the government in relation to a larger

10   prosecution being done out of what is -- was known to your

11   Honor as the economic crime unit, and we believe that a

12   reduction is appropriate here.

13         And in any event, your Honor, the range that the

14   parties had originally agreed to as well as this range we

15   believe satisfies the strictures of Section 3553, in that it is

16   a sufficient, but not greater than necessary, sentence both to

17   send a message to this defendant as well as to the public at

18   large.

19         Your Honor, this case is a misdemeanor. The defendant

20   readily came in, admitted to falsifying his 2020 tax return,

21   and has agreed to pay the money back. And so we do join with

22   the defendant in the $500 fine recommendation. We believe a

23   small fine is appropriate here given the nature of the conduct

24   and would urge the Court to adopt that.

25         So just to summarize, our recommendation is six months

1    probation, the $1,800 restitution to the Internal Revenue
2    Service, a $500 fine, and the mandatory special assessment of
3    $25.
4              THE COURT:  And, Ms. Carris, just a technical question
5    or maybe it's for Probation as well, but do I need -- is it a
6    downward departure?
7              MS. CARRIS:  It is not for your Honor --
8              THE COURT:  Okay.
9              MS. CARRIS:  -- but it is in terms of our procedures
10   within the office, because we had previously agreed to the year
11   of probation.
12             THE COURT:  All right.  Understood.
13             MS. CARRIS:  Then so you --
14             THE COURT:  It looks like it is within the range.
15             MS. CARRIS:  It is within the range, your Honor, yes.
16             THE COURT:  All right.  Ms. Sousa, do you have
17   anything to add to that?
18             PROBATION OFFICER SOUSA:  No, your Honor.  Thank you.
19             THE COURT:  Okay.  All right.
20             Mr. Pasciucco, do wish to speak?
21             MR. PASCIUCCO:  No, your Honor, just to -- just to
22   echo the prosecutor's comments.  I think she -- she summed it
23   up better than I could, and we'd -- we'd ask that that
24   recommendation be adopted.
25             THE COURT:  All right.  And, Mr. Lamb, you're welcome

1   to speak as well.  You don't have to, but you do have the right
2   to address the Court if you would like to do so.
3              THE DEFENDANT:  No, ma'am.  No, your Honor, I'm all
4   set.
5              THE COURT:  Okay.  All right.
6              So I will now state the sentence but will give counsel
7   a final chance to make legal objections before the sentence is
8   finally imposed.
9              Mr. Lamb, if you could please stand.
10             THE DEFENDANT:  Sure.
11             THE COURT:  In reaching this sentence, I have
12  considered the nature and circumstances of the offense and the
13  history and character -- characteristics of you, sir.  I have
14  also considered the purposes of sentencing, the kind of
15  sentences available, the guidelines, pertinent policy
16  statements set forth in the guidelines, the need to avoid
17  unwarranted sentence disparities among defendants with similar
18  records, who have been found guilty of similar conduct, and the
19  need to provide restitution to any victims of the offense.
20             I recognize that the sentence must be sufficient, but
21  not greater than necessary, to meet the statutory sentencing
22  objectives, which are to reflect the seriousness of the
23  offense, to promote respect for the law, and to provide just
24  punishment for the offense, to afford adequate deterrence to
25  criminal conduct, to protect the public from further crimes of

1    you, and to provide you with the needed education or vocational
2    training or other correctional treatment in the most effective
3    way.
4             After assessing the particular facts of this case, in
5    light of the relevant Section 3553 -- 3553(a) -- 3553(a)
6    factors, including the sentencing guidelines, I sentence you,
7    sir, to six months of probation, $1,800 in restitution, a $500
8    fine, and a $25 special assessment, all of which is within the
9    guideline range.  A custodial sentence does not appear to be
10   necessary, and a sentence of probation with restitution and a
11   small fine should serve the purposes of punishment and general
12   deterrence.
13            In particular, sir, I will echo what the government
14   said that you immediately accepted responsibility for what was
15   something that occurred in an otherwise crime-free existence,
16   and a laudable past, so I appreciate that you accepted full
17   responsibility and helped the government as soon as you were
18   confronted with acts that led to the charge.
19            So does counsel know of any reason why this sentence
20   should not be imposed as stated?
21            MS. CARRIS:  No, your Honor.
22            MR. PASCIUCCO:  No, your Honor.
23            THE COURT:  All right.  So I will now impose the
24   sentence.
25            Mr. Lamb, you are placed on probation for a term of

1     six months.  As I said, you have to pay the restitution in an
2     amount of $1,800 and a fine of $500.
3               Mr. Pasciucco, can Mr. Lamb pay that right away or
4     does he need some time?
5               MR. PASCIUCCO:  I believe he could pay it within two
6     weeks --
7               THE COURT:  All right.
8               MR. PASCIUCCO:  -- your Honor.
9               THE COURT:  So then, Ms. Sousa, I don't need to set a
10    schedule if he's going to make the payment that quickly?
11              PROBATION OFFICER SOUSA:  No, your Honor, you don't
12    have to.
13              THE COURT:  Okay.  All right.  So, Mr. Lamb, while
14    you're on Probation --
15              THE DEFENDANT:  Yes, sir -- yes, ma'am.
16              THE COURT:  I'm sorry.  Did you have something to say?
17              THE DEFENDANT:  No, ma'am.
18              THE COURT:  Did you have a question?  Okay.  You must
19    not commit while you're on probation another federal, state or
20    local crime.  You must not unlawfully possess a controlled
21    substance.  Drug testing conditions are suspended based on the
22    Court's determination that you pose a low risk of future
23    substance abuse.  You shall comply with the standard conditions
24    that have been adopted by the Court and which are described in
25    U.S. Sentencing Guideline Section 5B1.3, and will be set forth

1    in detail in the judgment.  You must pay the restitution and
2    the fine that we just discussed.  You must meet with the IRS
3    within the first 14 days of the period of supervision in order
4    to determine your prior tax liability, and you are to file tax
5    returns and pay any past or future taxes due.
6             You are prohibited from incurring new credit charges
7    or opening additional lines of credit without the approval of
8    Probation while any financial obligations remain outstanding.
9             You must provide the probation office access to any
10   requested financial information, which may be shared with the
11   asset recovery unit of the U.S. Attorney's Office.  And you
12   must notify the Court of any material changes in your economic
13   circumstances that might affect your ability to pay the
14   restitution or special assessment.
15            And it is further ordered that you shall pay to the
16   United States a special assessment of $25, which shall be due
17   immediately.
18            Ms. Sousa, is there anything else?
19            PROBATION OFFICER SOUSA:  No, your Honor.  Thank you.
20            THE COURT:  All right.  So, Mr. Lamb, you may appeal
21   your conviction if you believe that your guilty plea was
22   somehow unlawful or involuntary or if there's some other
23   fundamental defect in the proceedings that was not waived by
24   your guilty plea.
25            You have a statutory right to appeal your sentence

1   under certain circumstances, particularly if you think the
2   sentence is contrary to law; however, a defendant may waive
3   those rights as part of a plea agreement, and you entered into
4   a plea agreement which waives some or all of your rights to
5   appeal the sentence itself.
6          Specifically, you agreed that after the Court issued a
7   written judgment you will lose the right to appeal or otherwise
8   challenge your conviction and sentence regardless of whether
9   you later changed your mind or found new information that would
10  have led you not to agree to give up rights in the first place.
11         Such waivers are generally enforceable, but if you
12  believe the waiver is unenforceable, you may present that
13  theory to the Appellate Court.  If you cannot afford to appeal,
14  you may apply for leave to appeal in forma pauperis with few
15  exceptions.  Any notice of appeal may be filed within 14 days
16  of the judgment being imposed.
17         Do you understand?
18         THE DEFENDANT:  I do, your Honor.
19         THE COURT:  Ms. Carris, is there anything else at this
20  time?
21         MS. CARRIS:  No, thank you, your Honor.
22         THE COURT:  And Mr. Pasciucco?
23         MR. PASCIUCCO:  No, thank you, your Honor.
24         THE COURT:  Miss Sousa?
25         PROBATION OFFICER SOUSA:  No, thank you, your Honor.

```
1             THE COURT:  All right.  Thank you very much, and good
2    luck to you Mr. Lamb.
3             THE CLERK:  All rise.
4             THE DEFENDANT:  Thank you, your Honor.
5             THE CLERK:  This court's in recess.
6             (Recording ended at 2:45:33 p.m.)
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

1          CERTIFICATE OF OFFICIAL REPORTER

2

3          I, Marianne Kusa-Ryll, Registered Diplomate

4    Reporter and Certified Realtime Reporter, in and for the United

5    States District Court for the District of Massachusetts, do

6    hereby certify that the foregoing transcript is a true and

7    accurate transcription prepared to the best of my skill,

8    knowledge, and ability from the official audio-recorded

9    proceedings in the above-entitled matter.

10

11

12       /s/ Marianne Kusa-Ryll                    11-08-2022

13       Marianne Kusa-Ryll, RDR, CRR              Date

14       Official Court Reporter

15

16

17

18

19

20

21

22

23

24

25